The Chancellor.
The principle on which relief by injunction was sought by this bill, was, that by the effect of the award the debts for which the two judgments were recovered and executions issued became, as between the complainant and *343 Brokaw, the personal debts of Brokaw; and that the complainant should be considered as only surety therefor; .and that, in this state of things, Brokaw’s property should be first sold.
Is the case within the principle contended for ? Is it true that by the award itself, without performance on the part of Runyon, Brokaw became the principal debtor, and Runyon only security? I think not. The award was an entirety, each part depending on the other parts. Runyon was to pay the debts of the tailoring business, and to pay Brokaw $468 10 ; and Brokaw was to pay the debts of tho merchandizing firm. Runyon has not performed his part, and is not in a position to ask the equitable interposition of the court; and particularly as that interposition would subject Brokaw’s assignee and creditors to the risk of loss.
The most tho court feels willing to do, is, to make an order giving the complainant thirty days within which to pay to the sheriff, towards payment of the executions, the balance of the $468 H), and interest from the date of the submission, after deducting the amount of the proceeds of sale of the complainant’s personal property; but that in default of such payment the injunction be dissolved,
Order accordingly.